## No. 23469.

ELOY HURTADO AND THE INDUSTRIAL COMMISSION OF
COLORADO *v.* CF&I STEEL CORPORATION.
(449 P.2d 819)

Decided January 27, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for plaintiffs in error.

Welborn, Dufford & Cook, Elmer P. Cogburn, Charles H. Groves, John F. Brauer, Leonard Plant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Lee.

This is a workmen's compensation case. Eloy Hurtado and the Industrial Commission, as plaintiffs in error, seek review of a judgment of the district court reversing the findings and award of the Commission in a proceeding arising under the Workmen's Compensation Act, C.R.S. 1963, 81-1-1, *et seq.* Plaintiffs in error will be referred to as "claimant" and "Commission" and defendant in error, C. F. & I. Steel Corporation, "CF&I" or "employer."

Claimant was injured in the course of his employment

with CF&I in a mine accident on November 3, 1965. On November 22, 1965, CF&I filed a General Admission of Liability for disability resulting from this accident, and compensation was paid to claimant at the statutory rate of $49 per week until May 3, 1966, when CF&I reduced the payment by $15.68 to $33.32.

The reduction of the payment initiated by CF&I was predicated on the Social Security Act Amendments of 1965, 42 U.S.C. § 423, which provide, in pertinent part, as follows:

"(a) * * *.

(1) Every individual who —

* * *

(D) is under a disability (as defined in subsection (c)(2) of this section) * * *,
shall be entitled to a disability insurance benefit (i) for each month beginning with the first month after his waiting period (as defined in subsection (c)(3) * * *)

* * *

"(c) * * *

* * *

(2) The term 'disability' means —

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be * * * expected to last for a continuous period of not less than 12 months; * * *

* * *

(3) The term 'waiting period' means, in the case of any application for disability insurance benefits, the earliest period of six consecutive calendar months —

(A) throughout which the individual who files such application has been under a disability * * *."

1965 Perm. Supp., C.R.S. 1963, 81-12-1(4) provides as follows:

"In cases *where it is determined* that periodic disability benefits granted by the federal old-age, survivors, and disability insurance act *are payable* to an individual, the weekly benefits payable pursuant to this section shall

be reduced, but not below zero, by an amount equal as nearly practical to one-half such federal periodic benefits for such week." (Emphasis added.)

Based upon medical opinion, CF&I determined that claimant would be disabled for a continuous period of more than twelve months and that he would, therefore, be eligible for disability insurance benefits under the Social Security Act, commencing with the seventh month of disability. CF&I gave notice of reduction of the payments to the claimant and Commission, to which reduction objection was made.

It is noted that claimant had not made application to the Social Security Administration for disability benefits and he testified at the hearing that he did not intend to do so. If claimant was entitled to the social security disability benefits, he would receive federal benefits of $31.36 per week. State compensation benefits would be reduced by one-half thereof, or $15.68, from $49 per week to $33.32 per week, resulting in an overall payment to the claimant of $64.68 per week as compared with $49 per week.

Hearing upon the objection was held before a Commission referee. The only evidence presented was the sworn statement of CF&I's attorney who explained the employer's interpretation of the social security law and the method of computation of the reduction. The Commission entered findings against CF&I and ordered reinstatement of the full compensation of $49 per week. The referee's findings contained the following:

"Having reviewed the record and pertinent law, as well as argument of respondents, this Commission finds that respondents have neither power nor authority to determine that periodic disability benefits granted by the Federal Old-Age, Survivors, and Disability Insurance Act are payable to the claimant."

The employer appealed to the Commission which upon review entered the following finding:

"Having reviewed the record and pertinent law, as well

as argument of respondents, this Commission finds that respondents have neither power nor authority to determine that periodic disability benefits granted by the Federal Old-Age, Survivors, and Disability Insurance Act are payable to the claimant. This Commission finds that such determination must be left to the agency given such power and authority, by legislative decree, to administer that statute."

The Commission's supplemental order affirming the referee was entered March 14, 1967. Upon petition for review, the Commission entered its final supplemental award on May 8, 1967. CF&I appealed to the district court of the City and County of Denver, which vacated the award of the Commission, leaving the employer's determination disability benefits payable under the Compensation Act and the Social Security Act in full force and effect.

Two issues are presented to this court for decision. The first question is: Who shall make the "determination" that social security disability benefits are "payable" under the provisions of 1965 Perm. Supp., C.R.S. 1963, 81-12-1 (4) ? Plaintiffs in error contend that the employer has no legal right to determine payability or nonpayability and that such determination can only be made by the Social Security Administration after application for such benefits has been made by the disabled employee. This court has not heretofore been called upon to interpret the statute in this particular.

Clearly, in the ordinary course the Social Security Administration will make such determination which will be binding upon employee, employer and Commission. In the absence of such a determination, as in the case here, the Commission, as the statutory fact-finding agency charged with the administration of the Workmen's Compensation Act, has the duty of making the determination. To deny the Commission this authority would result in the unjustified deprivation of the statutory benefit to the employer in those cases where the employee, arbi-

trarily and without valid reason, chooses not to avail himself of the additional disability benefits provided by the Social Security Act.

The second question, implicit in the foregoing discussion, is: Should an employee by refusing to apply for social security disability benefits be permitted to thwart the applicability of both the Social Security Act and the Workmen's Compensation Act here being considered? We believe, consistent with the proposition that an injured person has a duty to mitigate his damages, a disabled employee when eligible has a duty to apply for social security disability benefits, not only to benefit himself but also to benefit his employer who is bound by law to provide him with workmen's compensation benefits. Here, it was incumbent upon the objecting claimant to apply for social security disability benefits when he was advised of the extended period of expected total disability which would render him eligible for such additional benefits. To condone his refusal to help himself, and incidentally benefit his employer, would be inequitable under the circumstances of this case.

The Commission was in error when it ruled it had neither the power nor authority to determine that disability benefits under the Social Security Act were payable to the claimant. Further, it was erroneous to hold that the employer could not initially reduce the disability compensation payments pursuant to the Workmen's Compensation Act.

We hold that when an employee who is receiving workmen's compensation disability benefits becomes eligible for further disability benefits under the Social Security Act, and such employee fails to make application for such additional benefits, the employer paying the compensation may initially determine the payability of such federal disability benefits and may reduce the workmen's compensation disability payments in accordance with 1965 Perm. Supp., C.R.S. 1963, 81-12-1(4). If under such circumstances objection is raised by the employee;

the Commission shall hold an evidentiary hearing, make findings of fact and determine the payability of the social security disability benefits.

Accordingly, the judgment of the district court is affirmed with directions that it remand the cause and the record to the Industrial Commission with instructions that the Commission shall conduct a further hearing and enter appropriate orders in consonance with the views herein expressed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE DAY concur.