**STATE COMPENSATION INSURANCE AUTHORITY and Colorado Department of Highways, Petitioners,**

v.

**Alfred B. COLLINS, the Industrial Claim Appeals Office of the State of Colorado, and the Subsequent Injury Fund, Respondents.**

No. 88CA0515.

Colorado Court of Appeals, Div. V.

Nov. 10, 1988.

Rehearing Denied Dec. 22, 1988.

Certiorari Denied Feb. 27, 1989.

**10**

Paul Tochtrop, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curk P. Krikscium, Asst. Atty. Gen., Denver, for respondent Subsequent Injury Fund.

No Appearance, for respondent Alfred B. Collins.

No Appearance, for respondent Industrial Claim Appeals Office.

NEY, Judge.

State Compensation Insurance Authority and Colorado Department of Highways (petitioners) contest a final order of the Industrial Claim Appeals Office (Panel) which determined that an Administrative Law Judge (ALJ) was not required to apportion liability between the Subsequent Injury Fund (SIF) and the petitioners for the permanent total disability of Alfred Collins (claimant). We set the order aside.

After a hearing on the issue of permanent disability, the ALJ concluded that claimant was permanently and totally disabled. Although the ALJ found the disability to be the combined result of two industrial injuries, the ALJ did not assign to SIF any portion of the liability for the benefits due claimant as required by § 8–51–106(1)(a), C.R.S. (1988 Repl.Vol.3B). The ALJ ruled that no apportionment was possible because no evidence had been presented concerning the relative contributions of the two injuries to the total disability. The Panel affirmed this ruling.

Petitioners contend the ALJ was required to apportion liability between the petitioners and SIF since he found that claimant's total disability resulted from the combined effect of the two injuries. We agree.

■ If a worker is left permanently and totally disabled by the combined effect of successive industrial injuries, § 8–51–106(1)(a) provides for apportionment of liability between the subsequent employer and the SIF. The SIF was established to provide partially disabled workers with added opportunities for employment by limiting the harsh results of the "full responsibility rule." *See Sears, Roebuck & Co. v. Baca,* 682 P.2d 11 (Colo.1984). The SIF is intended to encourage employers to hire partially disabled workers by relieving them of any greater potential liability than might result from hiring a non-disabled worker. We conclude that this intent should not be defeated where the parties fail to present apportionment evidence. *See generally Hurtado v. CF & I Steel Corp.,* 168 Colo. 37, 449 P.2d 819 (1969).

■ The dispositive question thus becomes how to apportion liability absent specific evidence of the relative contributions of the injuries to the total disability. We conclude that if no other evidence is available, the subsequent employer should be held liable for that portion of permanent total disability benefits which exceeds the percentage of the prior permanent partial disability award.

In so holding, we are not unmindful of our decision in *Subsequent Injury Fund v. Gallegos,* 746 P.2d 71 (Colo.App.1987). There we held that the determination of the relative contributions of partial disabilities to a total disability should be a *de novo* determination by the ALJ. We further held that the ALJ was not bound by the prior permanent partial disability rating. Here, however, since there is no other evidence which can be used to fulfill the legislative purpose of apportioning liability, we conclude that the prior rating should be used.

■ Here, where there was no evidence by which the ALJ could determine the relative contributions of the injuries resulting in the total disability, the apportionment should be accomplished as follows. The prior award was not assigned a permanent partial disability rating. Instead, the parties stipulated to a "maximum" permanent partial disability award. Therefore, the ALJ should first assign the prior injury the

minimum disability percentage rating which could have reaped "maximum" permanent partial disability benefits at the time of the award. That same percentage of claimant's permanent total disability benefits should be ordered paid by the SIF and the remainder should be paid by petitioners.

The order is set aside and the cause is remanded for additional proceedings consistent with this opinion.

PLANK and JONES, JJ., concur.