ST. VINCENT'S HOSPITAL and State Compensation Insurance Authority, Petitioners and Cross–Respondents,

v.

Rose ALIRES, Respondent and Cross–Petitioner,

and

Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Major Medical Fund, Respondents.

No. 88CA0480.

Colorado Court of Appeals, Division II.

Feb. 2, 1989.

Rehearing Denied March 9, 1989.

Certiorari Denied Aug. 21, 1989.

Paul Tochtrop, Denver, for petitioners and cross-respondents.

Hornbein MacDonald Fattor and Hobbs, P.C., James C. Fattor, Denver, for respondent and cross-petitioner, Rose Alires.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

HODGES, Justice.*

St. Vincent's Hospital and State Compensation Insurance Authority (petitioners) contest a final order of the Industrial Claim Appeals Office (Panel) which determined that petitioners were not entitled to offset from workmen's compensation benefits a portion of the social security disability benefits awarded to Rose Alires (claimant). We affirm.

The parties stipulate that claimant is entitled to permanent total disability benefits as the result of an industrial injury. The issue for review is whether the entire amount of claimant's social security award is subject to the offset provisions set forth in § 8–51–101(1)(c), C.R.S. (1986 Repl.Vol. 3B), or whether the amount of the offset should be reduced by that portion of the social security award which was withheld from payment to claimant as attorney fees.

Claimant's initial application for social security disability benefits was denied. Thereafter, claimant obtained an attorney who successfully appealed the denial of benefits. Claimant was awarded a lump sum of $7390 representing past due social security disability benefits. Of that amount, $1847.50 was withheld from claimant in accordance with federal law, and paid directly to her attorney as fees earned in appealing the denial of benefits. The remaining $5542.50 was paid to claimant in a lump sum. In addition, claimant was awarded $375 in monthly benefits.

Thereafter, a dispute arose concerning the proper amount of offsets petitioners were entitled to pursuant to § 8–51–101(1)(c). Petitioners contended

that the statute entitled them to offset half of the entire $7390 from claimant's permanent total disability benefits. Claimant argued that no portion of the $7390 could be offset because it was paid in a lump sum rather than periodically as contemplated by § 8–51–101(1)(c).

Section 8–51–101(1)(c) provides; in part:

"In cases where it is determined that periodic disability benefits granted by the federal old-age, survivors, and disability insurance act are payable to an individual and his dependents, the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero by an amount equal as nearly as practical to one-half such federal periodic benefits...."

The Administrative Law Judge (ALJ) determined that claimant's interpretation of the statute was correct. He ruled that since § 8–51–101(1)(c) provides for an offset of only *periodic* social security disability benefits, only claimant's *monthly* disability benefits and not the lump sum, were subject to the offset.

The Panel set aside the ALJ's order. Relying on *Engelbrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231 (Colo.1984), the Panel held that the ALJ's construction of § 8–51–101(1)(c) would derogate the statutory intent to prevent double recovery for the same disability. The Panel determined that the lump sum *payment* was for past due monthly benefits and, thus, concluded that both the lump sum payment and the monthly benefits were subject to offset as periodic benefits.

However, the Panel also concluded that the amount withheld from the lump sum payment as attorney fees could not be offset. The rationale for this conclusion was four-fold. First, the Panel reasoned that its conclusion was consistent with the purpose of § 8–51–101(1)(c) of preventing dou-

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

ble recovery. Since the amount withheld was neither "payable" to claimant as meant by the statute, nor paid to claimant, the Panel reasoned that there was no danger of claimant recovering the amount withheld twice. Rather, the Panel concluded that to offset the amount withheld for her attorney fees would result in a double *loss* to claimant.

It is also noted that the claimant was required to pursue the social security benefits by law and that the receipt of federal benefits was as helpful to petitioners as it was to claimant. *See Hurtado v. CF & I Steel Corp.,* 168 Colo. 37, 449 P.2d 819 (1969). Since an attorney's services were necessary to obtain this benefit, petitioners' would be unjustly enriched, and claimant unjustly penalized, if the attorney fee award were offset.

The Panel further noted that its resolution of this issue is consistent with the federal policy which excludes legal expenses from the amount offset from workmen's compensation benefits. *See* 20 C.F.R. § 404.408(d) (1987). The Panel also analogized recent Colorado cases which impose the burden of attorney fees on insurance carriers in cases involving subrogation rights of third-party claims. *See Drake v. Insurance Co. of North America,* 736 P.2d 1244 (Colo.App.1986); *Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo.App.1986); *see also In re Death of Peterkin,* 729 P.2d 977 (Colo.1986).

On review, petitioners assert that the Panel's resolution of the issues is not in accord with § 8–51–101(1)(c) which entitles them to offset one-half the social security disability benefits "granted" to claimant, as distinguished from the benefits "paid" to claimant. However, we agree with the Panel's reasoning in resolving the issues here and reject petitioners' arguments to the contrary.

We note that claimant has filed a notice of cross-appeal which purports to seek review of the Panel's order awarding to petitioners "a partial setoff of the Social Security lump sum payment." However, in light of this court's opinion in *Western Empire Constructors, Inc. v. ICAO,* 769 P.2d 1089

(Colo.App.1989), holding that cross-appeals are not permissible in these cases, we dismiss the cross-appeal here.

The order is affirmed.

SMITH and REED, JJ., concur.