**JEFFERSON COUNTY PUBLIC SCHOOLS, Petitioner,**

v.

**George SAGO, Subsequent Injury Fund, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 88CA1891.**

Colorado Court of Appeals, Div. IV.

Aug. 24, 1989.

Rehearing Denied Sept. 28, 1989.

Certiorari Denied Jan. 29, 1990.

The Law Offices of Robert A. Weinberger, P.C., Robert A. Weinberger and Michael E. Harr, Denver, for petitioner.

Turner and Meiklejohn, P.C., Robert W. Turner, Denver, for respondent George Sago.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael P. Serruto, Asst. Atty. Gen., Denver, for respondents Subsequent Injury Fund and Industrial Claim Appeals Office.

Opinion by Judge DUBOFSKY.

The sole issue in this workmen's compensation case is whether the Industrial Claim Appeals Office (Panel) erred in applying the statutory offset required under § 8–51–101(1)(d)(I), C.R.S. (1988 Cum. Supp.) in determining the respective liabilities of Jefferson County Public Schools (employer) and the Subsequent Injury Fund (SIF). We affirm.

The claimant, George Sago, was rendered permanently and totally disabled from the combined effect of two industrial injuries to his back. The Administrative Law Judge (ALJ) apportioned one-third of the liability for claimant's total disability to the employer, and the remaining two-thirds to the SIF. The parties stipulated that claimant is entitled to disability benefits in the amount of $200 per week from the Public Employees Retirement Association (PERA) and that the employer's contributions to this fund constituted 59.6% of claimant's disability pension. The parties further stipulated that the PERA benefits resulted in an offset under § 8–51–101(1)(d)(I) amounting to $119.20 per week.

The ALJ computed the claimant's compensation award at $244.92 per week *prior* to application of the statutory offset, and then apportioned that amount between the employer and the SIF. The ALJ then concluded that, since the employer had contributed to the claimant's PERA pension, the statutory offset should be applied to the employer's share of its liability first, with the remainder of the offset, if any, applied against the SIF's liability. As a result, the employer's one-third share of the total weekly benefit, $81.64, was entirely offset, while the SIF was made solely liable for the remaining amount of workmen's compensation due the claimant, $125.72 per week.

On review, the Panel set aside the ALJ's order. The Panel concluded that there is no statutory basis for the ALJ's apportionment of the offset between the employer and the SIF and that the apportionment violates § 8–51–106(1)(a), C.R.S. (1986 Repl. Vol. 3B). The Panel determined that the statutory offset should be deducted from the total award *prior* to apportioning liability between the parties. Under the Panel's formulation, the deduction of the offset resulted in a compensation award of $125.72 per week. This amount was then apportioned according to the ALJ's liability determination, that is, $41.91, or one-third, payable by the employer, and $83.81, or two-thirds, payable by SIF.

On review, the employer contends that the Panel erred as a matter of law in ordering the offset deducted from the compensation award *prior* to apportioning liability between the employer and SIF. We disagree.

In cases in which a claimant is entitled to receive disability benefits under an employer-financed pension or disability plan, § 8–51–101(1)(d)(I) requires the *aggregate* workmen's compensation award to be computed by deducting the amount of the pension or disability benefit to which the claimant is entitled, excluding that amount attributable to the claimant's own contributions to the pension or disability plan. *See Myers v. State*, 162 Colo. 435, 428 P.2d 83 (1967). The intent of the statute is to prohibit the duplication of benefits by coordinating disability benefits and establishing

the employer-financed pension or disability plan benefits as primary. *See Industrial Commission v. Edlund,* 759 P.2d 7 (Colo. 1988). Therefore, the Panel was correct in determining that the amount of workmen's compensation to which the claimant is entitled is the amount of the benefits authorized under the Workmen's Compensation Act *less* the amount of the offset provided under § 8–51–101(1)(d)(I).

 We also agree with the Panel that the ALJ's order violates the statutory scheme for apportioning liability in cases involving subsequent injuries. Section 8–51–106(1)(a) provides, in pertinent part:

"In a case where an employee has previously sustained permanent partial industrial disability and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally [disabled], then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disability attributable to said subsequent injury, and *the balance of compensation due* such employee on account of permanent total disability shall be paid from the subsequent injury fund as is provided in this section." (emphasis added)

Here, by applying the offset preferentially to the employer, the ALJ's order in effect eliminated the employer's liability entirely, making the SIF *solely* liable for the full amount of the compensation to which the claimant is entitled under § 8–51–101(1)(d)(I). We agree with the Panel that this result violates the apportionment provision set forth in § 8–51–106(1)(a).

In addition, we reject the employer's contention that the offset should be applied preferentially to employers as a "reward" for their contribution to the employee's pension or disability fund. This argument misconceives the intent and effect of § 8–51–101(1)(d)(I). The statute does not provide a "credit" for employers, but rather, by application of the offset, reduces the amount of workmen's compensation to which the claimant is entitled.

Moreover, there is nothing in the express language of the statute to permit a preferential apportionment of the offset between two or more employers, or between an employer and the SIF. To recognize the preference urged by the employer would be tantamount to judicial legislation and would be contrary to the express terms of the statute. *See State Compensation Insurance Fund v. Velasquez,* 628 P.2d 190 (Colo.App.1981).

Order affirmed.

TURSI and FISCHBACH, JJ., concur.