**William E. SPARLING, Petitioner,**

**v.**

**COLORADO DEPARTMENT OF HIGH-WAYS, State Compensation Insurance Authority, Industrial Claim Appeals Office of the State of Colorado, and Director of the Division of Labor and Training, Respondents.**

**COLORADO DEPARTMENT OF HIGH-WAYS and State Compensation Insurance Authority, Petitioners,**

**v.**

**William E. SPARLING, Industrial Claim Appeals Office of the State of Colorado and Director of the Division of Labor and Training, Respondents.**

Nos. 89CA1425, 89CA1429.

Colorado Court of Appeals,
Div. III.

Nov. 23, 1990.

Rehearing Denied Jan. 10, 1991.

Certiorari Granted July 9, 1991.

Paul Tochtrop, Denver, for Colorado Dept. of Highways and State Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for Industrial Claim Appeals Office of the State of Colorado and Director of the Div. of Labor and Training.

Fogel, Keating and Wagner, P.C., Marshall A. Fogel, Denver, for William E. Sparling.

Opinion by Judge RULAND.

In this workers' compensation case, the Industrial Claim Appeals Office (Panel) addressed whether amounts withheld from a public employee's disability pension benefits for taxes and insurance premium should be considered in calculating the mandatory reduction in compensation benefits under § 8–51–101(1)(d), C.R.S. (1986 Repl.Vol. 3B) (now codified as § 8–42–103, C.R.S. (1990 Cum.Supp.)). We affirm the Panel's order.

Claimant, William E. Sparling, suffered a work-related injury while employed by the Colorado State Highway Department. In addition to an award for temporary total disability, claimant qualified for and receives disability benefits from the Public Employees Retirement Association (PERA).

Consistent with the opinion of our supreme court in *Industrial Commission v. Edlund*, 759 P.2d 7 (Colo.1988), the Administrative Law Judge (ALJ) reduced the temporary disability benefits payable to claimant based upon the percentage contributions by the Highway Department to claimant's PERA pension plan. The ALJ determined, however, that calculation of the offset under § 8–51–101(1)(d) should not include amounts withheld from claimant's PERA disability payments for taxes and health and life insurance coverages.

The Panel concluded that the ALJ's decision was correct as to the deduction for taxes. However, the Panel disagreed with the ALJ's analysis relative to the insurance coverages because the record reflects that amounts deducted for this purpose are deducted at the option of the claimant. The Panel concluded that, under these circumstances, the amounts deducted for insurance coverages were properly characterized as part of the amount payable to claimant under his PERA disability pension plan.

## I.

The claimant contends that the Panel erred in this latter conclusion. We agree with the Panel's analysis.

Section 8–51–101(1)(d) provides in pertinent part:

"In cases where it is determined that periodic disability benefits are *payable to an employee* under the provisions of a pension plan financed in whole or in part by the employer ... the aggregate benefits payable ... shall be reduced, but not below zero, by an amount equal as nearly as practical to such employer pension plan benefits, with the following limitations:

"(I) Where the employee has contributed to the employer pension plan, benefits shall be reduced under this section only in an amount proportional to the employer's percentage of total contributions to the employer pension plan...." (emphasis added)

The intent of the statute is to prevent duplication of benefits financed by the employer. *See Industrial Commission v. Edlund, supra; Jefferson County Public Schools v. Sago*, 786 P.2d 486 (Colo.App. 1989).

■ Here, claimant's expert witness indicated that the insurance benefits were optional under claimant's PERA plan and that claimant had elected to obtain this benefit. There was no evidence to support the conclusion that claimant could not otherwise obtain health and life insurance coverage. And, we perceive no basis upon which judicial notice may be taken of this allegation. *See* CRE 201(b); *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983).

Under these circumstances, we agree with the Panel that for purposes of § 8–51–101(1)(d) the deducted insurance premiums are "payable to" the claimant and must be included in the offset even though the claimant is not actually receiving the amounts. *Cf. Hurtado v. CF & I Steel Corp.*, 168 Colo. 37, 449 P.2d 819 (1969) (workers' compensation benefits may be reduced if a worker is eligible for, but not actually receiving, social security disability benefits).

## II.

■ The Highway Department and the State Compensation Insurance Authority

(now Colorado Compensation Insurance Authority) contend that the Panel erred in its conclusion that the amounts withheld from claimant's PERA benefits for taxes are not properly included in the offset under § 8–51–101(1)(d). We disagree.

Amounts which are mandatorily withheld for taxes are neither "payable to" nor paid to the claimant as contemplated by § 8–51–101(1)(d). *See St. Vincent's Hospital v. Alires,* 778 P.2d 277 (Colo.App.1989). Thus, we concur with the Panel's reasoning and reject the argument that the taxes must be included in calculating the offset because these amounts are paid to satisfy claimant's own tax liability. *See St. Vincent's Hospital v. Alires, supra* (attorney fees owed by claimant withheld from social security award not included in offset under § 8–51–101(1)(c)).

The order is affirmed.

METZGER and NEY, JJ., concur.