**COLORADO DEPARTMENT OF HIGHWAYS, and Colorado Compensation Insurance Authority, Petitioners,**

v.

**William E. SPARLING, the Industrial Claim Appeals Office; and the Director of the Division of Labor and Training, Respondents.**

**No. 91SC33.**

Supreme Court of Colorado,
En Banc.

Dec. 9, 1991.

Paul Tochtrop and Michael J. Steiner, Denver, for petitioners.

Fogel, Keating and Wagner, P.C., Marshall A. Fogel, Denver, for William E. Sparling.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Michael P. Serruto, Asst. Atty. Gen., Denver, for Indus. Claim Appeals Office.

Chief Justice ROVIRA delivered the Opinion of the Court.

We granted certiorari to review the decision of the Colorado Court of Appeals in *Sparling v. Colorado Department of Highways*, 812 P.2d 686 (Colo.App.1990). This case requires us to determine whether the offset to workers' compensation payments required by section 8–51–101(1)(d), 3B C.R.S. (1986),[1] should be calculated before or after federal and state income taxes are deducted from a public employee's disability pension benefits. We conclude that the offset should be determined prior to deductions for tax purposes, and therefore reverse the judgment of the court of appeals.

## I

In August 1985, William Sparling (claimant) sustained an industrial injury in the course of his employment with the Colorado Department of Highways (employer). In addition to an award for temporary total disability benefits under the Workmen's Compensation Act,[2] claimant also received disability benefits from the Public Employees Retirement Association (PERA) because he was a public employee.

Section 8–51–101(1)(d), 3B C.R.S. (1986), allows employers and their insurers to offset workers' compensation benefits by the amount the employer contributed to the employee's pension plan if the employee is receiving disability benefits under the provisions of the plan. Consistent with our opinion in *Industrial Commission v. Edlund*, 759 P.2d 7 (Colo.1988), the Administrative Law Judge (ALJ) determined the percent contributed by the employer to the PERA benefits and reduced the temporary total disability benefits payable to the

---

**1.** Section 8–51–101(1)(d) was amended in 1988 in ways not applicable to this claim. *See* § 8–42–103(1)(d), 3B C.R.S. (1991 Supp.).

**2.** In 1990, the Workmen's Compensation Act was renamed Workers' Compensation Act.

claimant by that amount.[3] The amount contributed by the employer is not in dispute. The ALJ determined, however, that the offset under section 8–51–101(1)(d) should be based on the claimant's net PERA benefits after deductions for health and life insurance premiums and federal and state income taxes.

The Industrial Claim Appeals Panel (Panel) determined that amounts withheld from claimant's pension benefits for taxes, but not insurance premiums, must be deducted prior to calculating the offset required under section 8–51–101(1)(d). The Panel distinguished insurance premiums from taxes on the basis that insurance premiums are deducted at the option of the claimant while taxes are mandatory. The court of appeals affirmed, holding that the taxes withheld were not paid or payable to the claimant, and thus the offset required under section 8–51–101(1)(d) should be calculated based on the net PERA benefits.

## II

Section 8–51–101(1)(d) provides in pertinent part:

In cases where it is determined that periodic disability benefits are payable to an employee under the provisions of a pension plan financed in whole or in part by the employer, hereinafter called "employer pension plan," the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to such employer pension plan benefits, with the following limitations:

(I) Where the employee has contributed to the employer pension plan, benefits shall be reduced under this section only in an amount proportional to the employer's percentage of total contributions to the employer pension plan.

The petitioners, the Colorado Department of Highways and the State Compensation Authority, contend that the court of appeals decision is in direct conflict with our decision in *Industrial Commission v. Edlund,* 759 P.2d 7 (Colo.1988). In *Edlund,* we held that "an employee's total pension benefit, except that attributable to the employee's contributions to the plan, must be used to offset her workers' compensation benefits." *Id.* at 9. Petitioners argue that taxes withheld are included in claimant's total pension benefits. We agree.

The Internal Revenue Code requires every employer making payment of wages to deduct and withhold taxes from such wages. 26 U.S.C. § 3402 (1988). The amount withheld for taxes is credited to the employee and is sent to the appropriate tax agency on the employee's behalf. Tax collection by the employer is mandated by state and federal law and assures that the government receives the money owed. After tax returns are filed, money may be returned. We find that, while taxes are mandatorily withheld, amounts withheld for tax purposes are part of the claimant's total pension benefit. Thus, the disability benefit offset should not be reduced by the amount withheld for payment of income taxes.

The court of appeals relied on *St. Vincent's Hospital v. Alires,* 778 P.2d 277 (Colo.App.1989), to support its conclusion that taxes should be deducted prior to calculating the offset. In *Alires,* the claimant was initially denied social security disability benefits following an industrial injury. Thereafter, she obtained an attorney who successfully appealed the denial of benefits. *Alires* held that attorney fees withheld from claimant's disability benefits in accordance with federal law were neither payable nor paid to the claimant, and should not be included in the offset. If attorney fees were included in the offset, claimant would suffer a "double loss," having her workers' compensation benefits reduced by more than the disability benefits gained. *Id.* at 279.

---

3. The offset is determined by the employer's percentage of contribution to the pension plan.

Employer's percentage of contribution was 59 percent.

We believe the court of appeals erred in its reliance on *Alires.* In *Alires,* the amount withheld from the claimant's disability benefits was money actually due and payable by the claimant for her attorney fees. Moreover, it was withheld in accordance with federal law. Here, the amount withheld for claimant's taxes belongs to the claimant, but is held by the respective taxing agency pending a final accounting upon filing of tax returns. While the money is not payable to the claimant presently, it may be reimbursed if the claimant does not owe the government money for the previous year's taxes.

Moreover, employers do not benefit from taxes withheld from employee wages. In *Alires,* the employer was benefitted by the claimant's receipt of social security disability benefits, as workers' compensation benefits were offset by disability benefits received by the claimant. Since the attorney's services were necessary to obtain the disability benefits, offsetting the attorney fee award would unjustly enrich the employer and penalize the claimant.

Our decision supports the purpose of section 8–51–101(1)(d) which is to prevent double recovery by the claimant. *Myers v. Colorado,* 162 Colo. 435, 440–41, 428 P.2d 83, 86 (1967). If the offset is determined by the net PERA benefits, the employer is in effect required to pay the employee's taxes, resulting in double recovery by the employee. This is exactly what section 8–51–101(1)(d) was intended to prevent.

The claimant contends that if taxes are not deducted prior to the offset, he will suffer a double loss by having to pay taxes at the time of the offset and then again at the end of the year. We fail to understand the reasoning of this argument. At the end of the year, when the employee prepares his tax return, any amount deducted is credited against the amount owed. If no tax is due, the money is returned to the taxpayer. Thus, there will be no double payment of taxes.

Finally, under the court of appeals interpretation, employees will be treated differently depending on the number of dependents claimed. In a sense, the amount of taxes withheld is optional. Taxes are withheld in different amounts depending on the employee's wages and the number of the employee's exemptions. 26 U.S.C. § 3402 (1988). In some situations, the employer does not deduct and withhold any tax. For example, where the employee certifies that he incurred no tax liability from income tax imposed the previous year, and anticipates that he will incur none in the current year, the employer withholds no taxes from his wages. *See* 26 U.S.C. § 3402(n) (1988). The different treatment of employees, due to the amount of taxes withheld, is eliminated if the offset is calculated based on gross PERA benefits.

We reverse the judgment and remand this case to the court of appeals with directions to return it to the Industrial Claim Appeals Panel for further proceedings consistent with this opinion.