Dale E. JONES, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Colorado Compensation Insurance Authority; and Tractor Rebuilders, Inc., Respondents.

No. 94CA0542.

Colorado Court of Appeals, Div. I.

Oct. 20, 1994.

Certiorari Denied April 10, 1995.

Steven R. Bristol, Greeley, for petitioner.

No appearance for respondent Industrial Claim Appeals Office.

Paul Tochtrop, Denver, for respondents Colorado Compensation Ins. Authority and Tractor Rebuilders, Inc.

Opinion by Judge KAPELKE.

Dale E. Jones, claimant, seeks review of the final order of the Industrial Claim Appeals Office (Panel) which subtracted the amount of attorney fees from his Social Security payment before calculating the offset for his disability payments from Colorado Compensation Insurance Authority (CCIA). We affirm.

The claimant was awarded Social Security benefits of $30,845.14. Attorney fees of $4,000 were withheld from the award, resulting in a payment of $26,845.14 to the claimant. When CCIA calculated the offset pursuant to § 8–42–103(1)(c)(I), C.R.S. (1994 Cum.Supp.), and *St. Vincent's Hospital v. Alires,* 778 P.2d 277 (Colo.App.1989), it divided $26,845.14 in half to obtain an offset of $13,422.57. The claimant argued that CCIA should deduct $2,000, one half of the attorney fees, from the amount of the offset. Both the Administrative Law Judge (ALJ) and the Panel concluded that the offset had been correctly calculated. This appeal followed.

The claimant contends that the method of calculation makes him bear a double loss. He argues that *St. Vincent's Hospital v. Alires, supra,* does not resolve the issue. We disagree.

The Social Security offset provided under § 8–42–103(1)(c)(I) is for one half of the benefit. In *St. Vincent's Hospital v. Alires, supra,* the court applied this statute by offsetting the amount actually paid in benefits, rather than the amount awarded. The division in that case reasoned that, because federal law required that attorney fees be withheld from payment to the claimant, inclusion of the attorney fees in the offset calculation would result in a double loss to the claimant.

Contrary to the claimant's argument, we conclude that the analysis in *St. Vincent's* resolves the issue fairly. Because the attorney fees are deducted before calculation of the offset, the claimant and the insurer each bear one half of the fees. This calculation is consistent with § 8–42–103(1)(c)(I).

*County Workers Compensation Pool v. Davis,* 817 P.2d 521 (Colo.1991) does not require a different result. In that case, the supreme court held that attorney fees should be apportioned equitably when one party has created a fund from which a passive party obtains a benefit. Here, the insurer is paying attorney fees in proportion to the benefit it has received.

Order affirmed.

METZGER and CRISWELL, JJ., concur.