Ray CESARIO, Petitioner,

v.

BUILDING SERVICES SYSTEMS INC., Colorado Compensation Insurance Authority, Subsequent Injury Fund, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 97CA0658.

Colorado Court of Appeals,
Div. V.

Dec. 11, 1997.

Rehearing Denied Jan. 29, 1998.

Certiorari Denied Sept. 21, 1998.

Taussig & Taussig, John G. Taussig, Jr., Boulder, for Petitioner.

Colorado Compensation Insurance Authority, Laurie A. Schoder, Denver, for Respondent Colorado Compensation Insurance Authority and Building Services Systems, Inc.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jill M.M. Gallet, Assistant Attorney General, Denver, for Respondent Subsequent Injury Fund.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge CASEBOLT.

In this workers' compensation proceeding, claimant, Ray Cesario, seeks review of a determination by an Administrative Law Judge (ALJ) and the Industrial Claim Appeals Office (Panel) that he had failed to demonstrate a mistake of law sufficient to reopen his claim under § 8–43–303, C.R.S. 1997. We set aside the order and remand for further proceedings.

The facts are undisputed. After sustaining industrial injuries while employed in California, claimant was awarded disability retirement benefits there. The California employer contributed to a portion of these benefits.

Claimant sustained another industrial injury during subsequent work for the Colorado employer, Building Services Systems, Inc. The ALJ found that claimant was permanently and totally disabled as a combined result of the California and Colorado injuries and awarded permanent total disability benefits. After apportionment, the Subsequent Injury Fund (SIF) was held liable for 70% of the benefits and the Colorado Compensation Insurance Authority (CCIA) was held liable for the remaining 30%.

However, acting pursuant to § 8–42–103(1)(d)(I), C.R.S.1997, the ALJ offset the permanent total disability benefits by the amount of the California benefits, thereby reducing the liability of the SIF and CCIA. The Panel affirmed and claimant did not appeal.

Several years thereafter, claimant filed a petition to reopen the claim, alleging that new case law, *Spanish Peaks Mental Health Center v. Huffaker*, 928 P.2d 741 (Colo.App. 1996), rendered imposition of the offset erroneous. Concluding that *Spanish Peaks* was distinguishable, the ALJ disagreed, and denied and dismissed the petition. The Panel affirmed.

Claimant contends that the denial of the petition to reopen was error because, as in *Spanish Peaks*, the offset is improper since the Colorado employer did not contribute to the benefits received from the California employer. Under the circumstances here, we agree that the ALJ and the Panel misconstrued *Spanish Peaks*.

Section 8–42–103(1)(d)(I) allows an insurer to offset its liability for permanent total disability benefits "[i]n cases where it is determined that periodic disability benefits are payable to an employee under the provisions of a pension or disability plan financed in whole or in part by *the employer*." (emphasis added)

In *Spanish Peaks Mental Health Center v. Huffaker, supra*, a division of this court held that, under the circumstances there at issue, the offset was unavailable. There, the claimant had two concurrent employers, a hospital and a health center, and the claimant suffered one industrial injury while working for the health center. The hospital then granted the claimant disability retirement benefits that had been funded entirely by the claimant and the hospital. Because the health center had made no contribution to the disability retirement benefits, it was denied the statutory offset against its payment of permanent total disability benefits. The division expressly held that the statutory offset is available only to an employer who has already paid the cost of the injured claimant's workers' compensation insurance and has also purchased or contributed to a disability pension plan covering that employee.

Here, claimant was rendered permanently and totally disabled from combined disabilities sustained while working for two sequential employers, facts which distinguish this matter from *Spanish Peaks*. However, in view of the express holding of *Spanish Peaks*, we agree with claimant that it is

pertinent here, and we agree with the rule established therein. Thus, because the Colorado employer and the CCIA did not contribute to the California disability pension plan, they are not entitled to an offset.

Also, in view of the express stipulation by the parties here that the Colorado employer and the CCIA did not contribute to the California disability retirement pension benefits, *Jefferson County Public Schools v. Sago*, 786 P.2d 486 (Colo.App.1989) is distinguishable. There, the issue was whether the statutory offset was properly applied as between the SIF and an employer who had admittedly contributed to the pension plan at issue, whereas here, the offset is inapplicable *in toto* because there has been no contribution at all.

Hence, the ALJ and the Panel erred in concluding that claimant had failed to prove a mistake of law under § 8–43–303, C.R.S.1997, and *Renz v. Larimer County School District Poudre R–1*, 924 P.2d 1177 (Colo.App.1996) ("mistake" justifying reopening of workers' compensation award includes any mistake of law as well as those of fact).

The order is set aside and the cause is remanded with directions that a determination be made whether a discretionary reopening of the claim is justified under § 8–43–303.

RULAND and KAPELKE, JJ., concur.