## No. 16,194.

FIRST NATIONAL BANK OF COLORADO SPRINGS, TRUSTEE ET AL. *v.* STRUTHERS.

(215 P. [2d] 903)

Decided November 28, 1949. Rehearing denied March 6, 1950.

Messrs. HANEY & HOWBERT, for plaintiffs in error.

Mr. FRANK MOBLEY, Mr. H. T. McGARRY, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

As presented by the record, briefs and oral argument, we are asked to construe the terms of a written business lease entered into between the parties hereto on April 30, 1945 wherein plaintiff in error is the lessor.

The terms of the lease with which we concern ourselves are that it was for a two-year period beginning April 30, 1945 and ending April 30, 1947. It contained the following provision: "It is mutually agreed that in case either party wishes to vacate, or to be vacated, these premises upon the expiration of this lease, that sixty days written notice shall be given the other party."

On March 14, 1947, plaintiff in error, the lessor, gave defendant in error, the lessee, the following written notice: "We hereby give you notice to vacate the premises at #16 E. Pikes Peak Avenue, Colorado Springs, Colorado on or before May 30, 1947. You will note we are giving you more than the sixty (60) day notice as required by the lease."

The lessee held over beyond the end of the term fixed in the lease and on the 28th day of May, 1947, filed this action in the district court seeking specific performance of the covenants of the lease hereinabove set out, and contended that the failure of the lessor to give written notice sixty days prior to the expiration of the lease, together with the acceptance of rent for the month of

May, 1947, operated to continue said lease in force and effect for a new term expiring April 30, 1949. By answer and counterclaim, the renewal was denied.

Upon trial to the court, plaintiff, the lessee, prevailed, and judgment was entered permitting him to continue in the occupancy and peaceful possession of the premises until April 30, 1949. The judgment was entered March 10, 1948; the record lodged in this court January 21, 1949; came to issue April 7, 1949, and upon request, oral arguments were heard November 16, 1949.

It is sufficient to note the fact of which we take judicial notice, that the object of the suit can no longer be attained. The question involved is peculiar only to this particular lease and is not of general interest. It is obvious that any adjudication which we might now make would be ineffectual, since the term for which the lessee contended, and which the lessor opposed, has already expired, and was about to expire on April 7, 1949 when the case came to issue upon the filing of the reply brief of plaintiff in error.

The duty of this court, as well as of every other judicial tribunal, is to determine actual and real controversies by a judgment that can be put into effect and not to give opinions upon questions that are moot.

In pursuance of our determination of the stated facts, it is ordered that the writ of error be dismissed without prejudice to the rights of either party as they now exist.

On Petition for Rehearing.

Opinion Extended.

MR. JUSTICE HOLLAND.

Our first consideration of this case resulted in a determination that the real question involved is moot. Plaintiffs in error, in their petition for rehearing, concede that the question of eviction is moot, and has been since April 30, 1949. However, they claim that the effect

of the original opinion dismissing the writ of error is to deprive them of the possibility of recovering damages by reason of defendant in error remaining on the premises for the extended term of two years, as ordered by the trial court, if such order was erroneous.

We are inclined to consider the position of plaintiffs in error, and, accordingly, the order of dismissal of the writ of error is vacated.

The trial court aptly expressed its conclusions of the law in the following language:

"1. That the typewritten clause contained in said lease, Exhibit G, and hereinabove set forth providing for sixty days written notice 'to vacate or to be vacated' takes precedence over the printed 'tenant at will' clause contained in said lease.

"2. That the sixty day clause is in legal effect, an agreement for an extension of the lease for a further term of two years, if no written notice is given by either party to said lease, at least sixty days before the expiration date stated in said lease, to wit: April 30, 1947.

"3. That no written notice having been given by either party to the other, sixty days prior to April 30, 1947, the lease was and is automatically extended to April 30, 1949, under the same terms and conditions as contained in said written lease, Exhibit G, save and except, the sixty day notice clause which by its terms applies only, to the expiration date mentioned in the lease, to wit, April 30, 1947.

"4. That the plaintiff has performed all terms and conditions, in said lease imposed upon plaintiff to be performed thereby."

There is nothing ambiguous as to the intention of the parties as expressed in the typewritten clause contained in the lease. This was a mutual covenant that could be enforced by either party thereto. This clause covered the acts of the parties in a negative way. Failure of either party to give the required notice was tantamount to, and had the effect of, a covenant of renewal

of the lease for another term on the same conditions as contained in the original lease. Failure, therefore, on the part of plaintiffs in error to give the sixty-day notice as provided, was in effect a consent to a renewal of the original lease. Plaintiffs in error were otherwise bound under the facts in the case, which we do not now deem necessary to consider.

The judgment is right, and is affirmed.

MR. JUSTICE ALTER and MR. JUSTICE MOORE concur.