### No. 27023

**Robert L. Olson v. Public Service Company of Colorado and Self-Insured and Director of the Division of Labor, Department of Labor and Employment and The Industrial Commission of Colorado**

(549 P.2d 780)

Decided May 10, 1976.

Charles Q. Socha, for claimant-appellant.

Kelly, Stansfield & O'Donnell, Robert F. Thompson, Timothy J. Flanagan, for employer-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from an order of the Industrial Commission of Colorado permitting the appellee, Public Service Company, to withhold payment of workmen's compensation benefits awarded to the appellant, Robert L. Olson. Since issues involving the constitutionality of a statute were raised, we accepted jurisdiction. *See* section 13-4-102(1)(b), C.R.S. 1973. We affirm.

This matter is before us on a stipulated statement of facts. The appellant sustained an injury to his back on May 4, 1973 during the course of his employment with Public Service Company. He left work on the same date, but after a period of recuperation returned to work with the appellee. The appellant sustained permanent partial industrial disability in the amount of 2 1/2 percent as a working unit as a result of the accident.

Public Service Company continued the appellant's employment at his normal rate of pay. However, he resigned from his employment to move to California on December 14, 1973. He did not resign because of disability attributable to the accident. If the appellant had continued employment with the Public Service Company, it would have extended to him all wage and promotional advantages he would have enjoyed had he not become disabled.

■ The appellant filed a claim for workmen's compensation after his accident. The appellee filed a special admission of liability in the amount of $3,636.26. The Commission, in accordance with the above facts, ordered an award under 1971 Perm. Supp., C.R.S. 1963, 81-12-9(3)(a).[1]

This section provides:

"In any case where the final award shall result in a finding of permanent partial disability of five percent or less as a working unit the employer may, in lieu of paying said limited benefits for permanent partial disability as provided in section (1) of this section, continue the disabled employee at work in the employment of the employer at the employee's normal rate of pay upon date of temporary or permanent disablement, and extend to the employee wage and promotional advantages, during such period of time, to which the employee would have been entitled had the employee not become disabled from an accident. There shall be credited to the employer or his insurance carrier upon any award of permanent partial disability of five percent or less made under this section amounts equivalent to the employee's weekly benefit rate of compensation for the period of time during which the employer continues or offers to continue the employee in em-

[1]Section 8-51-108(3)(a), C.R.S. 1973. This section was repealed during the 1975 legislative session. Colo. Sess. Laws 1975, ch. 71, sec. 62 at 311. Contrary to the appellee's assertion, however, the issue presented is not rendered moot. The appellant's compensation rights are governed by the repealed section, thus an actual controversy exists. *See Reserve Life Insurance Co. v. Frankfather*, 123 Colo. 77, 225 P.2d 1035 (1950); *First National Bank v. Struthers*, 121 Colo. 69, 215 P.2d 903 (1949).

ployment, unless the director shall find upon competent evidence that the employee is physically unable to perform the duties offered by the employer. Any credit under this section accruing to the benefit of the employer or his insurance carrier will be held in abeyance for so long as the director has jurisdiction to reopen pursuant to section 81-14-19. If during the six years following the date of his accident the injured employee is dismissed from employment, resigns from employment, or is denied employment as a result of his disability, he may petition the director for a redetermination of his original permanent partial disability award, and upon a proper showing of his limitations in the labor market the director shall order the reinstatement of his original award. Accident benefit payments, or credits for such payments, made or accrued under this section as a result of any award for permanent partial disability shall be deducted from an award of permanent disability or an award for death benefits made to the employee or his dependents."

Applying this statute, the Commission permitted Public Service Company to take credit for and withhold payment of the permanent partial disability benefits to which the appellant was entitled. After appropriate review proceedings, the appellant brought this appeal. His sole contention here is that section 81-12-9(3)(a) violates the equal protection provisions of both the Colorado and United States Constitutions.

I.

The appellee, Public Service Company, argues that the issue raised in this case is not properly before the court. The appellee asserts that the constitutional issue should be raised by a declaratory judgment action in the district court. In a case similar to the situation here, we have rejected that position. *Anaya v. Industrial Commission*, 182 Colo. 244, 512 P.2d 625 (1973). Consequently, we must address the appellant's equal protection claim.

II.

The appellant contends that section 81-12-9(3)(a) unconstitutionally discriminates against persons who suffer a disability of less than 5 percent. This is so, the appellant argues, since those with greater than 5 percent disability receive workmen's compensation benefits notwithstanding an offer by the employer to continue equivalent employment; yet persons with less than 5 percent disability do not receive benefits if the employer offers to continue employment at the same wage and with the same promotional opportunities.

As in all equal protection cases the court first must determine the standard to be used in assessing the validity of the legislation challenged. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973). The appellant asserts that the state must show a compelling interest justifying the classification because the right to seek compensation for injuries is a fundamental right. The Workmen's Compensation Act creates

statutory rights. The Act guarantees to workmen compensation for their work-related injury and abolishes common law defenses to such recovery. Thus it does not in any way deprive a workman of any fundamental right. *O'Quinn v. Walt Disney Productions*, 177 Colo. 190, 493 P.2d 344 (1972), *Finn v. Industrial Commission*, 165 Colo. 106, 437 P.2d 542 (1968). Hence the standard to be applied by the court in determining the equal protection argument is whether the statutory classification furthers a legitimate state purpose in a rational manner.

The appellant does not challenge the system of classifying relative degrees of disability by expressing the disability as a percentile. Nor does he contest the method used to determine the percentile. Thus, for purposes of our review in this case, the appellant concedes the accuracy of describing his disability as less than 5 percent. Furthermore, we note that this case only concerns permanent partial disability payments. All injured workers receive medical compensation and temporary disability benefits, whether or not they are re-employed under the statute in question. *See* section 8-49-101, C.R.S. 1973; section 8-51-103, C.R.S. 1973.

We believe the statutory classification created by section 81-12-9(3)(a) is rationally related to a legitimate state purpose. One purpose of workmen's compensation benefits is to compensate persons for loss due to industrial disability, *i.e.*, loss of earning capacity. *See Simpson & Co. v. Wheeler*, 153 Colo. 480, 386 P.2d 976 (1963); *Byouk v. Industrial Commission*, 106 Colo. 430, 105 P.2d 1087 (1940). If the state denies workmen's compensation benefits to some injured workers, but in return guarantees an earning capacity equal to that of the worker before his injury, then the purpose of compensating for loss of earning capacity has been furthered. The state, rather than pay the worker for his lost earning capacity, insures that no loss of earning capacity will occur, and that the injured employee will not be discriminated against because of his injury. We perceive no deprivation of equal protection of the laws in such a system.

The fact that the state has invoked such a system when disability is below 5 percent rather than below some other percentage does not make the system constitutionally infirm. Indeed, the appellant does not suggest that the "line should be drawn" at some other percentage. Rather his only contention is that he is entitled to receive benefits since *some* injured workers receive benefits. But, as we have shown above, the state has chosen in certain cases to substitute cash payments with compensation in kind, *i.e.*, the same job, at the same pay, with the same opportunities as before the disability. The legislature has made a determination that workers less than 5 percent disabled are more readily rehabilitated in their occupation than those with more than 5 percent disability. Such a determination is rationally related to a legitimate state purpose. Indeed, to the extent that cash payment is "better" compensation than the offered em-

ployment, we see no reason, as a constitutional matter, why the state cannot provide more extensive benefits to those more seriously injured. *See King Furniture Manufacturing Co. v. Thompson*, 248 Md. 682, 238 A.2d 231 (1968). For these reasons we hold that section 81-12-9(3)(a) does not deny equal protection of the laws.

The order is affirmed.

MR. JUSTICE ERICKSON dissents.