**Colleen L. WILLS and Cecil R. Wills, Plaintiffs–Appellants,**

v.

**The STATE of Colorado, Defendant–Appellee.**

**No. 89CA1441.**

Colorado Court of Appeals, Div. II.

July 5, 1991.

Rehearing Denied Aug. 8, 1991.

Certiorari Denied Jan. 13, 1992.

C. William Krat, III, Denver, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge METZGER.

In this personal injury action, plaintiffs, Colleen L. and Cecil R. Wills, appeal the judgment entered on a jury verdict in favor of defendant, the State of Colorado. We affirm.

On April 17, 1987, plaintiff Colleen Wills was injured while riding a bicycle with her husband, Cecil Wills, and their son at Chatfield State Recreation Area. She sustained injuries to her face, head, and jaw, and was under the care of health practitioners for several months thereafter.

Plaintiffs voluntarily returned to the recreation area on April 23, 1987, to report the accident and were referred to a park ranger on duty at the time. All three drove to the scene of the accident in the ranger's patrol car. While inspecting the area of the accident with the ranger, plaintiffs described what had happened. The ranger completed an incident report and then filed it with his supervisor.

Prior to trial, plaintiffs moved *in limine* to prevent the ranger from testifying to a statement which he had attributed to Mrs. Wills in his report. They based their motion on § 13–21–301(1) and (2), C.R.S. (1987 Repl.Vol. 6A), which preclude the introduction into evidence of statements to an adverse party if such statements are made within 15 days after an injury and while the injured person is under medical care. The court denied the motion pursuant to the exception for statements made to peace officers in § 13–21–301(3), C.R.S. (1987 Repl.Vol. 6A).

At trial, the ranger testified that Mrs. Wills had told him, "I know I was going too fast for my abilities when I entered the corner." Both plaintiffs testified that Mrs. Wills had not made the statement. The jury returned a verdict in favor of defendant.

◼ Plaintiffs contend that the peace officer exception in § 13–21–301(3) is unconstitutional as applied to a situation in which, as here, a statement is made by an injured party to a peace officer in the employ of the defendant. We disagree.

Section 13–21–301 provides, in pertinent part:

"(1) If a person is injured as a result of an occurrence which might give rise to liability and such person is a patient under the care of a practitioner of the healing arts or is hospitalized, no person or agent of any person whose interest is adverse to the injured person, within fifteen days from the date of the occurrence causing the injury shall ... (c) Obtain or attempt to obtain any statement ... from the injured patient for use in negotiating a settlement or obtaining a release.

(2) Any statement ... which is given by the injured party in violation of this section may not be used against the interest of the injured party in any civil action relating to the injury.

(3) Nothing in this section shall preclude the taking of statements by peace officers ... acting in their official capacity in the ordinary course of their employment, and nothing shall preclude the use of such statements for any purpose permitted by statute or rule of court applying to the admission of evidence."

Neither party disputes that the ranger was a peace officer as defined by the statute. *See* § 24–33.5–303(6), C.R.S. (1988 Repl. Vol. 10A).

◼ A statute is presumed to be constitutional, *Gates Rubber Co. v. South Suburban Metropolitan Recreation & Park District*, 183 Colo. 222, 516 P.2d 436 (1973), and a party challenging a statute has the burden to prove that it is unconstitutional beyond a reasonable doubt. *Anderson v. Colorado State Department of Personnel*, 756 P.2d 969 (Colo.1988). To state a claim for an equal protection violation, a plaintiff must establish that he or she is treated differently from other similarly situated individuals. *People v. Garberding*, 787 P.2d 154 (Colo.1990).

### A.

◼ The presumption of constitutionality ends when a statutory classification affects a fundamental right or a suspect class. *Lujan v. Colorado State Board of Education*, 649 P.2d 1005 (Colo.1982). Plaintiffs here concede that they are not part of a suspect class, but assert that a fundamental right, their constitutional right to a fair trial, was detrimentally affected. We disagree.

◼ When a statutory classification significantly interferes with the exercise of a fundamental right, the strict scrutiny test must be used to evaluate its constitutionality. *Firelock, Inc. v. District Court*, 776 P.2d 1090 (Colo.1989). The government must establish that the statutory classification is necessarily related to a compelling

governmental interest, *see Parrish v. Lamm,* 758 P.2d 1356 (Colo.1988), and is closely tailored to effectuate only that interest. *See MacGuire v. Houston,* 717 P.2d 948 (Colo.1986).

At trial, plaintiffs had the opportunity to controvert the ranger's statements, both through cross-examination and their direct testimony. The final credibility determination was properly left to the jury. Plaintiffs also were permitted to present other testimony relating to the accident and the circumstances surrounding it. Thus, in light of these factors, we hold that the introduction of a single statement did not significantly interfere with plaintiffs' right to a fair trial.

### B.

■ In the absence of statutory infringement of a fundamental right, an equal protection challenge must fail if the statutory classification has a reasonable basis in fact and bears a reasonable relationship to a legitimate governmental interest. *Lee v. Colorado Department of Health,* 718 P.2d 221 (Colo.1986). If a classification has a reasonable basis, equal protection is not violated merely because the classification is imperfect or in practice results in some inequality. *Bellendir v. Kezer,* 648 P.2d 645 (Colo.1982).

Here, the plaintiffs argue that their right to equal protection was violated when the trial court applied § 13–21–301(3) instead of §§ 13–21–301(1) and (2). We disagree.

In enacting §§ 13–21–301(1) and (2), the General Assembly intended "to prevent hasty settlements and to prohibit the evidentiary use of statements made by injured persons before the passage of enough time following an injury to permit the injured party to evaluate his condition carefully." *Safeway Stores, Inc. v. Smith,* 658 P.2d 255 (Colo.1983). However, the inclusion of the peace officer exception in § 13–21–301(3) evidenced the General Assembly's recognition that a legitimate government interest dictates the prompt and accurate reporting of incidents to peace officers.

Park rangers, as peace officers, are authorized, empowered, and mandated to investigate crimes and accidents and to enforce all laws of the State of Colorado. *See* § 18–1–901(3)(*l*)(III), C.R.S. (1986 Repl. Vol. 8B); § 33–10–102(17), C.R.S. (1984 Repl.Vol. 14); and § 33–11–101, et seq., C.R.S. (1984 Repl.Vol. 14).

In performing assigned duties, a peace officer is required to promote the legitimate government interest in promoting the safety and welfare of the public in general. The public's need for the prompt and objective investigation of incidents in which injuries occur necessitates the gathering of such information by peace officers. Thus, statements taken by a peace officer are not obtained in order to promote a hasty settlement or to ambush an unwary party; their purpose is to protect the public. Accordingly, the ranger's taking of the statement bore a reasonable relationship to a legitimate governmental interest and did not violate plaintiffs' equal protection rights.

Nor did the trial court's action in allowing the use of the statement at trial violate plaintiffs' equal protection rights.

■ If the language of a statute is clear and the intent of the General Assembly may be discerned with reasonable certainty, the statute must be applied as written. *See McKinney v. Kautzky,* 801 P.2d 508 (Colo.1990). In enacting a statute, it is presumed that the entire statute is intended to be effective and that the public interest is favored over any private interest. *See* § 2–4–201, C.R.S. (1990 Repl.Vol. 1B).

Section 13–21–301(3) specifically states that "nothing shall preclude the use" of statements taken by peace officers "for any purpose permitted by statute or rule ... applying to the admission of evidence." This specific and unadorned language reflects the General Assembly's specific intent to allow the use of statements taken by peace officers if these statements are otherwise properly admissible.

The trial court correctly applied this unmistakable dictate here. Since Mrs. Wills' statement constituted an admission pursuant to CRE 801(d)(2)(A), it properly admitted the statement. *See Kielsmier v. Fos-*

**870**

*ter,* 669 P.2d 630 (Colo.App.1983). This ruling was consistent with the policy enunciated in § 2–4–201, C.R.S. (1990 Repl.Vol. 1B) and applied the law in such a way as to promote the obvious legislative intent. *See Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986).

Therefore, we hold that, because the peace officer exception in § 13–21–301(3) has a reasonable basis in fact and bears a reasonable relationship to legitimate governmental interests, the trial court's denial of plaintiffs' motion was proper and it did not apply the statute in an unconstitutional manner.

Plaintiffs' remaining argument is without merit. *Higgs v. District Court,* 713 P.2d 840 (Colo.1985).

Judgment affirmed.

SMITH and MARQUEZ, JJ., concur.