REED AMBULANCE, INC. and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Director, Division of Labor and Robert Phelan, Respondents.

No. 91CA0403.

Colorado Court of Appeals, Div. I.

Oct. 10, 1991.

Paul Tochtrop, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Div. of Labor.

Herbert S. Schiff, Boulder, for respondent Robert Phelan.

Opinion by Judge DAVIDSON.

Colorado Compensation Insurance Authority (CCIA) and Reed Ambulance, Inc., (employer) seek review of a final order of the Industrial Claim Appeals Panel which determined that CCIA had no right of subrogation against the proceeds Robert Phelan (claimant) received from a third-party settlement. We affirm.

Claimant was injured in a scope-of-employment automobile accident. He received both temporary total disability workers' compensation benefits and a settlement from the third-party tortfeasor. The Panel affirmed the ALJ's order that CCIA, as the insurer for employer, was not entitled to a subrogation credit for the workers' compensation benefits it had paid to claimant against the proceeds of claimant's settlement with the third-party tortfeasor.

■ Relying on *Tate v. Industrial Claim Appeals Office*, (Colo.App. No. 89CA0890, March 1, 1990) (not selected for official publication) (*Tate I*), CCIA and employer contend that the Panel erred in not granting them a subrogation credit. We disagree.

In *Tate v. Industrial Claim Appeals Office*, 815 P.2d 15 (Colo.1991) (*Tate II*), our supreme court reversed *Tate I*. *Tate II* is dispositive of the contention raised by CCIA and employer. *See also Peterson v. Kester*, 791 P.2d 1185 (Colo.App.1989).

CCIA and employer contend that our holding in *Peterson v. Kester, supra,* and now, by implication, the supreme court holding in *Tate II*, create an irrational classification and, therefore, deny them equal protection of the law. Specifically, they argue that the cited holdings violate their guarantee of equal protection in that they are denied subrogation rights under the provision now codified at § 8–41–203, C.R.S. (1990 Cum.Supp.) when an employee is injured by a third-party tortfeasor in a scope-of-employment automobile accident but they are allowed such rights under that provision when an employee is injured by a third-party tortfeasor in other scope-of-employment incidents. We disagree.

■ A party alleging a constitutional challenge to a statutory scheme has the burden of proving unconstitutionality beyond a reasonable doubt. *Williams v. White Mountain Construction Co.*, 749 P.2d 423 (Colo.1988).

■ The challenging party must show that the statutory scheme is not rationally

related to a legitimate state purpose. Under the rational relation test, equal protection requires only that legislation or state action enacted under the police power be reasonable, and not arbitrary or capricious. *Bellendir v. Kezer*, 648 P.2d 645 (Colo. 1982).

Furthermore, a state does not violate equal protection in the area of economics and social welfare merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the equal protection guarantees simply because in practice it results in some inequality. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Bellendir v. Kezer, supra.*

In *Tate II*, the supreme court extensively analyzed the interrelationship between the policies of the Workers' Compensation Act of Colorado, § 8–40–101, et seq., C.R.S. (1990 Cum.Supp.), and the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1990 Cum.Supp.), and the specific risk allocation and benefit coordination provisions in those statutes which are applicable in situations when an employee is injured. The court particularly analyzed the statutory provisions and policies applicable when an employee is injured in a scope-of-employment automobile accident.

The court recognized that its construction of the specific statutory provisions may result in some inequality of risk allocation among the insurers and third parties arguably liable for payment of compensation to an employee injured in a scope-of-employment automobile accident. However, in its analysis, the court provided a rational, reasonable basis, related to legitimate state purposes, for coordinating the benefit payment to the injured employee and the risk allocation among the arguably liable parties in the manner that its construction provides. It did so by balancing the competing interests of the two acts and adopting a construction which best effectuated the policies of both acts.

Accordingly, based on the analysis of *Tate II*, we reject employer's and CCIA's contention that they have been denied equal protection by the holdings in *Peterson v. Kester, supra,* and *Tate II.* See *Williams v. White Mountain Construction Co., supra.*

Order affirmed.

PIERCE and MARQUEZ, JJ., concur.