### In re the MARRIAGE OF Christine D. LONG, Appellee and Cross–Appellant,

### and

### Jay Raymond Long, Appellant and Cross–Appellee.

#### No. 95CA0729.

Colorado Court of Appeals, Div. V.

June 13, 1996.

Robert A. Millman, P.C., Robert A. Millman, Colorado Springs, for Appellee and Cross–Appellant.

The Kelly Law Firm, L.L.C., Debra L. Kelly, Colorado Springs, for Appellant and Cross–Appellee.

Opinion by Judge RULAND.

In this post-dissolution proceeding, Jay Raymond Long (father) appeals and Christine D. Long (mother) cross-appeals portions of the trial court's order denying the parties' motions to modify their child support obligations. We affirm in part, reverse in part, and remand with directions.

At the time of permanent orders in 1989, father was in the United States Air Force, stationed in Hawaii. He subsequently was transferred to Ft. Belvoir, Virginia, where he resided at the time of the hearing. Mother and the parties' two children have resided in Colorado since 1984.

As pertinent here, mother filed a motion to modify the existing child support obligations, alleging an unspecified change of circumstances which warranted an increase in child support. Father responded with a motion requesting modifications of the provisions of the permanent orders concerning transportation expenses and tax exemptions.

At the hearing, the primary issue before the trial court was whether father's basic allowance for quarters (BAQ) should be included in computation of his gross income for purposes of child support. The trial court concluded that the BAQ should not be included, with the result that a change in husband's income of ten percent or more was not established. Thus, the court concluded that there had not been a substantial and continuing change of circumstance warranting modifica-

tion under the criteria of § 14–10–122(1)(b), C.R.S. (1987 Repl.Vol. 6B).

The trial court also found that: (1) automobile insurance for the parties' son did not constitute an extraordinary expense; (2) father would continue to be responsible for all transportation expenses associated with parenting time; and (3) mother would continue to claim the tax exemptions for both children.

Father appeals the trial court's failure to apportion transportation expenses and tax exemptions, and mother cross-appeals the court's ruling relative to husband's BAQ and her insurance expense.

## I.

Raising an issue of first impression under the statute, mother contends that the trial court erred as a matter of law in determining that father's BAQ was not an in-kind payment that must be considered as income for purposes of determining child support. We agree with mother.

Father testified that in lieu of receiving his $513 monthly BAQ as a cash payment, he exercised his option to receive free housing and utilities on the military base, thus reducing his personal living expenses. *See* 37 U.S.C. § 403 (1994).

Section 14–10–115(7)(a)(III), C.R.S. (1995 Cum.Supp.) provides that:

Expense reimbursements or in-kind payments received by a parent in the course of employment ... shall be counted as income if they are significant and reduce personal living expenses.

■ Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *Jones v. Cox,* 828 P.2d 218 (Colo.1992). To determine that intent, a court should look first to the language of the statute. *People v. District Court,* 713 P.2d 918 (Colo.1986).

In that review, statutory words and phrases should be given effect according to their plain and ordinary meaning, and the statute must be read and considered as a whole. *City of Lakewood v. Mavromatis,* 817 P.2d 90 (Colo.1991). If the language and intent of the General Assembly may be discerned with reasonable certainty, the statute must be applied as written. *Wills v. State of Colorado,* 821 P.2d 866 (Colo.App.1991).

In *Random House Webster's College Dictionary* 681 (1991), "income" is defined as "the *monetary* payment received for goods and services, or from other sources." (emphasis supplied) In contrast, an "in-kind" payment generally denotes a non-cash transaction in which the recipient receives a specified benefit. *See Black's Law Dictionary* 475 (6th ed.1990).

Furthermore, we note that the provision addressing in-kind income is contained in a separate subsection from the statutory provision in § 14–10–115(7)(a)(I)(A), C.R.S. (1995 Cum.Supp.), which details an extensive list of potential sources of traditionally cash income. In our view, this treatment of in-kind income indicates a legislative intent to treat that income as an addition to cash income previously addressed in the statute.

We find additional support for this view in the Colorado Child Support Guideline, as originally presented by the Report of the Colorado Commission on Child Support (1985) (Appendix I at 3), in which the Commission commented that in-kind payments "might include a company car, free housing, or reimbursed meals."

Here, father receives a non-cash benefit which, in effect, increases his income by approximately 20%. Further, this benefit relieves father of what is arguably his primary necessary expense, that of housing and utilities.

■ Based upon this evidence and the plain language of the statute, we hold that father's BAQ constitutes an in-kind payment that is income for purposes of child support. *See* § 14–10–115(7)(a)(III).

Accordingly, on remand, the court should enter findings and a new order reflecting its determination whether mother has proven that father's current receipt of BAQ together with his other income has created a substantial and continuing change in circumstances from those in existence at the time of permanent orders when father was also receiving military pay and benefits. The court may take additional evidence as it deems neces-

sary. *See In re Marriage of Trout,* 897 P.2d 838 (Colo.App.1994).

## II.

■ Father contends that the trial court failed to make findings that justify its denial of his request for a modification of transportation expenses based upon his reassignment to the continental United States. We agree that this issue must be reconsidered.

If, on remand, the trial court determines that changed circumstances warrant a modification of child support, it is directed to apply the mandatory provisions of § 14–10–115(13)(a)(II), C.R.S. (1995 Cum.Supp.)(transportation expenses) and § 14–10–115(14.5), C.R.S. (1995 Cum. Supp.)(tax exemptions) or to make specific findings which justify any deviation. Section 14–10–115(3)(a), C.R.S. (1995 Cum.Supp.); *see In re Marriage of Oberg,* 900 P.2d 1267 (Colo.App.1994); *In re Marriage of Miller,* 790 P.2d 890 (Colo.App.1990).

## III.

■ We agree with the trial court's conclusion that mother's increased insurance cost for addition of the parties' teenaged son to her automobile insurance is not an extraordinary expense as contemplated by § 14–10–115(13), C.R.S. (1995 Cum.Supp.).

Further, we do not address mother's contention, raised for the first time on appeal, that the increased insurance cost is a substantial and continuing change of circumstances warranting a modification of child support. *See In re Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992).

The portion of the order denying mother's request that father pay part of her increased insurance cost is affirmed. The provisions of the order concerning father's BAQ and allocation of travel expenses and tax exemptions are reversed, and the cause is remanded for further proceedings and a new order consistent with the views expressed herein.

CASEBOLT and ROY, JJ., concur.