**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of J.A.C., a Child, Juvenile–Appellant.**

No. 00CA1165.

Colorado Court of Appeals, Div. IV.

April 26, 2001.

Ken Salazar, Attorney General, Julia A. Thomas, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joshua N. Tolini, Deputy State Public Defender, Denver, CO, for Juvenile–Appellant.

Opinion by JUDGE RULAND

J.A.C., a juvenile, appeals from the judgment adjudicating him to be a delinquent child based on acts that, if committed by an adult, would constitute escape, a class three felony under § 18–8–208(2), C.R.S.2000. We affirm.

J.A.C. was serving a term in the custody of the Department of Youth Corrections at El Pueblo Boys and Girls Ranch. He escaped from El Pueblo and was again adjudicated a delinquent child. At his adjudicatory hearing, he moved unsuccessfully for a judgment of acquittal on the ground that he was not in "custody or confinement" within the meaning of the escape statute when he left El Pueblo. This appeal followed.

J.A.C. contends here, as he did in the trial court, that he was not in "custody or confinement." We are not persuaded.

Section 18–8–208(2) provides that a person commits class three felony escape "if, while being in custody or confinement following conviction of a felony other than a class 1 or class 2 felony, he knowingly escapes from said custody or confinement."

The statute did not include a definition of the phrase "custody or confinement" until January 1, 1997, when § 18–8–208(10), C.R.S. 2000, became effective. *See* Colo. Sess. Laws 1996, ch. 283 at 1682. Section 18–8–208(10) now provides that "[a]ny person held in a staff secure facility, as defined in section 19–1–103(101.5), C.R.S., shall be deemed to be in custody or confinement for purposes of this section." Section 19–1–103(101.5), C.R.S. 2000, of the Children's Code defines a "staff secure facility" as:

a group facility or home at which each juvenile is continuously under staff supervision and at which all services, including but not limited to education and treatment, are provided on site. A staff secure facility may or may not be a locked facility.

Relying on § 18–8–208(10), J.A.C. argues that a juvenile cannot commit escape unless that individual is assigned to a "staff secure facility." Because he attended school away from the grounds of El Pueblo, he argues that El Pueblo was not "staff secure" within the meaning of § 19–1–103(101.5) and § 18–8–208(10). We disagree with this interpretation of the statutes.

When statutory interpretation is required, our primary task is to give effect to the intent of the General Assembly. *Benz v. People,* 5 P.3d 311 (Colo.2000). To determine legislative intent, we look first to the statute's plain language. *Nicholas v. People,* 973 P.2d 1213 (Colo.1999). If that language is clear, we apply the statute as written. If, on the other hand, the language is vague or ambiguous, we look to established guidelines for statutory interpretation. *State v. Nieto,* 993 P.2d 493 (Colo.2000).

Here, the statutory language does not indicate whether the General Assembly intended to limit the circumstances in which juveniles may commit escape to only those involving escape from a staff secure facility. Accordingly, because there are various other types of facilities in which a juvenile may be confined, we consider the statute to be am-

biguous. *See* § 19–2–907(1)(b), C.R.S.2000 (juvenile may be sentenced to county jail or community corrections facility). Therefore, we look to the canons of statutory construction for further guidance. *See State v. Nieto, supra.*

One of those guides is legislative history. *See* § 2–4–203(1)(c), C.R.S.2000. The history pertinent here reveals that the General Assembly added § 18–8–208(10) to clarify, rather than restrict, the circumstances under which a juvenile commits an escape. Specifically, the Children's Code first mentioned staff secure facilities in 1996. *See* Colo. Sess. Laws 1996, ch. 283 at 1687. When the General Assembly added the definition of "staff secure facility" to the Children's Code, it also added § 18–8–280(10) to the escape statute to ensure that juveniles who escape from staff secure facilities could be adjudicated as delinquents under the escape statute. There was no discussion about limiting the facilities from which a juvenile could escape to only those meeting the definition of a staff secure facility. *See* Hearing on H.B. 1005 before the House Judiciary Committee, 60th General Assembly, Second Regular Session (February 20, 1996). Hence, we conclude that § 18–8–208(10) was not intended to restrict the type of facilities from which a juvenile could escape to only staff secure facilities.

We find further support for this conclusion in the principle that statutes should not be interpreted to reach an absurd result. *See* § 2–4–201(1)(d), C.R.S.2000. Were we to adopt J.A.C.'s construction of the statute, a juvenile could escape from a county jail and not be subject to adjudication for that conduct because the jail did not meet the definition of a staff secure facility. We cannot conceive that the General Assembly intended this result. *See Town of Erie v. Eason,* 18 P.3d 1271 (Colo.2001) (courts will not interpret legislation in a manner that is absurd, *i.e.,* inconsistent with the legislation's purpose).

Accordingly, the judgment is affirmed.

DAVIDSON and KAPELKE, JJ., concur.