56 P.3d 1249 (2002)
In re the Interest of L.F.,
Ronald R. Thomasson, Appellant, and
Patricia J. Fiedler, Appellee.
No. 01CA2350.
Colorado Court of Appeals, Div. IV.
September 12, 2002.
C. Bert Dempsey, Boulder, Colorado, for Appellant.
No Appearance for Appellee.
Opinion by Judge ROTHENBERG.
In this child support proceeding between Ronald R. Thomasson (father) and Patricia J. Fielder (mother), the sole issue is whether the district court erred in ruling that the adjustment for transportation expenses in § 14-10-115(13)(a)(II), C.R.S.2001, is limited as a matter of law to those expenses incurred in long distance or interstate travel and does not apply to automobile expenses incurred in transporting a child between the homes of *1250 the parents. Because we conclude the trial court erred in so ruling, we vacate the district court order adopting the magistrate's denial of father's request to divide the automobile expenses between the parties in proportion to their income, and we remand for reconsideration of his request.

I.
This action originated in an Oregon court as a paternity action after the parties' child was born on September 26, 1995. After father's paternity and child support obligations were established there, mother relocated to Colorado and filed a motion here to modify child support.
At the hearing on mother's motion, father testified that he had moved from Oregon to Colorado to be closer to his child, who lived in Littleton with her mother. Father testified that he was unable to find work in Denver, but he had a job in Fort Collins and resided in Longmont to balance the driving distance between his job and the child's residence. Father calculated that the total distance driven by the parties every month to comply with the parenting time order was 969 miles and that he was ordered to drive 833 of those miles. He therefore requested that his driving expenses, calculated at a certain rate per mile, be included in the child support calculation as an extraordinary adjustment.
The magistrate denied the request, concluding § 14-10-115(13)(a)(II) addressed only "the situation where a child was traveling long distances, not simply from the local home of one parent to the local home of the other parent."
On review, the district court adopted the magistrate's order. The court focused on the 1998 amendment to the statute, Colo. Sess. Laws 1998, ch. 215, § 14-10-115(13)(a)(II) at 769, which allows inclusion of an accompanying parent's expenses if the child is less than twelve years old. The court also considered preamendment cases holding that travel expenses could not be awarded to a parent for expenses incurred in traveling to the other parent's home, such as In re Marriage of Elmer, 936 P.2d 617 (Colo.App.1997)(under pre-1998 statute, court lacked authority to order one parent to pay any of the other parent's interstate travel expenses) and In re Marriage of Hoffman, 878 P.2d 103 (Colo. App.1994).
In addition, the district court reasoned that an award to father of his driving expenses would compensate him for his driving time.

II.
Father contends that the adjustment for transportation expenses addressed in § 14-10-115(13)(a)(II) is not limited to expenses of long distance or interstate travel, and that the trial court erred in ruling otherwise. We agree.
Section 14-10-115(13)(a)(II) provides that:
By agreement of the parties or by order of court, the following reasonable and necessary expenses incurred on behalf of the child shall be divided between the parents in proportion to their adjusted gross income.. .

Any expenses for transportation of the child, or the child and an accompanying parent if the child is less than twelve years of age, between the homes of the parents. (emphasis added)
Our task in interpreting a statute is to determine and give effect to the intent of the General Assembly. Pediatric Neurosurgery, P.C. v. Russell, 44 P.3d 1063 (Colo. 2002); People in Interest of J.A.C., 25 P.3d 1269 (Colo.App.2001). Words and phrases should be given their plain and ordinary meaning unless the result is absurd. If the statutory language is clear and unambiguous, the statute must be applied as written, and the court need not resort to other rules of statutory construction. Humane Soc'y v. Indus. Claim Appeals Office, 26 P.3d 546 (Colo. App.2001).
The statute here plainly provides that "any" reasonable and necessary expenses for transportation of the child between the homes of the parents shall be apportioned. "Any" is a term of expansion without restriction or limitation. See Obert v. Colorado Department of Social Services, 766 P.2d *1251 1186, 1191 (Colo.1989); Freedom Newspapers, Inc. v. Tollefson, 961 P.2d 1150, 1154 (1998).
We perceive no ambiguity in this language that would require a resort to legislative history, and in any event, there is no relevant legislative history that would provide any guidance to us regarding the 1998 amendment. We also observe that the General Assembly has provided specific limitations for other extraordinary expenses of the child, but apparently chose not to do so with regard to extraordinary travel expenses. See § 14-10-115(13.5)(h), C.R.S.2001 (limiting extraordinary medical expenses to a specific dollar amount and listing examples of the various types of treatment included); Colo. Springs Disposal v. Indus. Claim Appeals Office, ___ P.3d ___, 2002 WL 464924 (Colo. App. No. 01CA0464, Mar. 28, 2002).
Because the provisions of § 14-10-115(13)(a)(II) are mandatory, In re Marriage of Long, 921 P.2d 67 (Colo.App.1996), and the statute does not limit transportation expenses only to those incurred for long distance or interstate travel, we conclude it was error to deny father's request based solely on the fact that both parents resided in Colorado. In so holding, we reject mother's contention that our interpretation will encourage litigation of trivial transportation expenses. Any award for transportation expenses is subject to the requirement that the expenses be reasonable and necessary.
We also note that father here requests only a reasonable reimbursement for the expense of driving and seeks no compensation for time spent. Nor does he seek reimbursement for the increased expenses of travelling to and from work occasioned by his election to live nearer to mother and the child and further from work.
The district court's order is vacated, and the case is remanded to the district court to reconsider father's request for travel expenses.
Judge NEY and Judge VOGT concur.