Opinion by JUDGE NEY*
¶ 1 In this action to determine parental responsibilities for L.K.Y. and J.R.Y., who are the children of Angela Francis Young (now known as Evan Young) and Karen Elizabeth Peabody, Peabody appeals from the order for temporary child support. We affirm.
I. Background
¶ 2 The parties entered into a domestic partnership in California in 2005, and are the parents of twins born in 2006. The parties moved to Colorado with the children in 2008. In 2011, the California court dissolved the parties' domestic partnership, and Peabody petitioned the Colorado district court to allocate parental responsibilities. Young moved for temporary child support.
¶ 3 After a hearing on Young's child support request, a district court magistrate determined the parties' incomes and awarded temporary child support accordingly. The district court denied Peabody's timely petition for district court review.
II. Temporary Child Support Order
¶ 4 Peabody contends that the magistrate erred by including Young's military allowances for housing and food as part of Young's income for purposes of calculating temporary child support, rather than deducting the allowances as additional factors that diminish the children's basic needs under section 14-10-115(11)(b), C.R.S. 2012. We disagree.
A. Standard of Review
¶ 5 "Interpretation of the child support statutes is a question of law that we review de novo." In re Marriage of Paige, 2012 COA 83, ¶ 9, 282 P.3d 506 ; see also In re Marriage of Dunkle, 194 P.3d 462, 465 (Colo.App.2008) (reviewing de novo the legal issue whether foster care and adoption subsidies received by a parent are income for child support purposes).
B. The Magistrate Did Not Err by Including Young's Military Housing and Food Allowances in Her Income When Calculating Child Support
¶ 6 The basic child support obligation for a child's parents is determined by applying the schedule in section 14-10-115(7)(b), C.R.S. 2012, to the parents' combined gross incomes. See § 14-10-115(7)(a)(I), C.R.S. 2012; In re Marriage of Davis, 252 P.3d 530, 534 (Colo.App.2011). The basic obligation is then divided between the parents in proportion to their incomes. § 14-10-115(7)(a)(I).
¶ 7 A parent's gross income is determined under section 14-10-115(5), C.R.S. 2012. § 14-10-115(3)(c), (5)(a), C.R.S.2012. Under section 14-10-115(5)(a)(I)(X), C.R.S. 2012, "gross income" includes "[e]xpense reimbursements *494 or in-kind payments received by a parent in the course of employment ... if they are significant and reduce personal living expenses."
¶ 8 Here, Young, who is in the United States Army, lives off base and therefore receives housing and food allowances in addition to her salary. Over Peabody's objection, the magistrate included these allowances when calculating Young's gross income for purposes of determining the parties' basic child support obligation.
¶ 9 We conclude that the magistrate did not err in doing so. The housing and food allowances are intended to reimburse Young for her housing and food expenses, and thus, as Peabody admits, reduce Young's personal living expenses. Accordingly, the allowances are part of Young's gross income under the plain language of section 14-10-115(5)(a)(I)(X). See Paige, ¶ 9 (when a statute is clear and unambiguous, the court applies it as written).
¶ 10 In In re Marriage of Long, 921 P.2d 67, 68-69 (Colo.App.1996), the husband, who was in the military, elected to receive free housing by living on base in lieu of collecting a housing allowance. A division of this court held that the free housing benefit was part of the husband's income for purposes of child support because it was an in-kind payment that relieved him of his primary living expenses. See id. at 69.
¶ 11 Cases from other jurisdictions have held that housing and food payments specifically are part of the recipient parent's income under statutes similar to section 14-10-115(5)(a)(I)(X). See, e.g., Brown v. Hines-Williams , 2 A.3d 1077, 1082-83 (D.C.2010) ; In re Marriage of Baylor, 324 Ill.App.3d 213, 257 Ill.Dec. 638, 753 N.E.2d 1264, 1266-67 (2001) ; State ex rel. D.F. v. L.T., 934 So.2d 687, 690-94 (La.2006) ; In re Marriage of Stokes, 234 Or.App. 566, 228 P.3d 701, 705 (2010).
¶ 12 We acknowledge that in Long and in these out-of-state cases, the living expense benefit was received by the parent who was obligated to pay child support; whereas here, it is Young who collects the housing and food allowances, and who, as the children's sole custodian, is also the recipient of the temporary child support. Under section 14-10-115(5)(a)(I)(X), however, these types of reimbursement payments are part of a parent's income, and there is no basis under the statute for treating them otherwise because the obligee parent, as opposed to the obligor parent, receives them. Accordingly, the magistrate did not err by including Young's housing and food allowances as part of her income for child support purposes.
C. The Magistrate Did Not Abuse His Discretion by Not Deducting the Military Housing and Food Allowances from the Parties' Basic Child Support Obligation
¶ 13 Under section 14-10-115(1 1)(b), "[a]ny additional factors that actually diminish the basic needs of the child may be considered for deductions from the basic child support obligation." Whether to apply a deduction is within the discretion of the magistrate based on the evidence presented. See Davis, 252 P.3d at 536.
¶ 14 Here, Peabody argues that the entire housing and food allowances should be deducted from the parties' basic child support obligation as resources of the children. The allowances are not paid to the children or on behalf of the children, however, but rather are paid to Young as part of her salary to spend as she chooses. Cf . In re Marriage of Ross-Ooley , 251 P.3d 1221, 1224 (Colo.App.2010) (Social Security benefits received by a parent on behalf of a child were not income of the parent but rather were the child's financial resource because the parent received them in only a representative capacity for the child, who was too young to receive them directly). Accordingly, it would be inappropriate to deduct the entire amount of the housing and food allowances under section 14-10-115(11)(b) as financial resources of the children. See Brown, 2 A.3d at 1083 (housing allowance was paid to the child's parent to spend as the parent chose, and therefore was not deductible from the child support obligation as a resource of the child).
¶ 15 Peabody did not argue at the hearing that the magistrate should deduct only those portions of the housing and food allowances that were actually used to defray the children's *495 basic needs, nor did she present sufficient evidence to determine what those portions were. See In re Marriage of Anthony-Guillar , 207 P.3d 934, 943 (Colo.App.2009) (under section 14-10-115(11)(b), a court may reduce the basic support obligation by an amount representing the actual reduction in the child's needs). Thus, we do not consider whether such a partial deduction would have been appropriate here. See Valentine v. Mountain States Mut. Cas. Co., 252 P.3d 1182, 1188 n.4 (Colo.App.2011) (appellate court reviews only specific arguments a party pursued before the district court).
¶ 16 The order is affirmed.
CHIEF JUDGE DAVIDSON concurs.
JUDGE ROTHENBERG* specially concurs.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2012.